UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
DORIS OKE OBASOHAN,                   :

      Plaintiff,                    :   CIVIL ACTION NO. 2:21-CV-01940

  -against-                          :   **TRUIST BANK'S ANSWER TO AMENDED COMPLAINT**

SUNRISE AUTO OUTLET INC AND           :
TRUIST BANK d/b/a BB&T,

      Defendants.                   :
------------------------------------- X

    NOW COMES Defendant Truist Bank, successor in interest to Branch Banking and Trust Company ("Truist" or "Defendant"), by and through its undersigned counsel, and, for its Answer to the Amended Complaint (the "Complaint") of Plaintiff Doris Oke Obasohan ("Plaintiff"), states as follows:

## NATURE OF THIS ACTION

    1.    In response to the allegations in Paragraph 1 of the Complaint, Truist admits that Plaintiff purports to bring an action for a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the New York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et seq.*, and other claims arising under New York common law. Answering further, Truist denies that it violated any law and denies Plaintiff is entitled to any recovery under any theory of liability whatsoever.

## JURISDICTION AND VENUE

    2.    The allegations in Paragraph 2 of the Complaint state legal conclusions, to which no response is required. To the extent the allegations are contrary to law, they are denied.

3. The allegations in Paragraph 3 of the Complaint state legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4. The allegations in Paragraph 4 of the Complaint state legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

5. The allegations in Paragraph 5 of the Complaint state legal conclusions, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

**PARTIES**

6. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. Truist is without information to admit or deny all factual allegations in Paragraph 7 of the Complaint; to the extent the allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to law, they are denied.

8. In response to the allegations in Paragraph 8 of the Complaint, Truist admits only that it is a North Carolina corporation authorized to do business in New York. The remaining allegations in Paragraph 8 of the Complaint state legal conclusions not requiring a response. To the extent that the allegations are contrary to the law, they are denied.

9. The allegations in Paragraph 9 of the Complaint state legal conclusions, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## FACTS

<u>The Vehicle Sale</u>

10. The allegations contained in Paragraph 10 of the Complaint refer to documents which speak for themselves. To the extent a response is required, and the allegations are contrary to the documents or to the law, they are denied.

11. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. Truist is without sufficient information with which to admit or deny all factual allegations in Paragraph 16 of the Complaint; and therefore denies them; to the extent the

allegations are conclusions of law, no response is required. To the extent that the allegations are contrary to the law, they are denied.

17. Truist denies the allegations in Paragraph 17 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 as directed to the other defendant.

18. Truist denies the allegations in Paragraph 18 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 as directed to the other defendant.

**FIRST CAUSE OF ACTION**
**<u>VIOLATIONS OF TILA</u>**
(15 U.S.C. §1601 *et. seq.* TILA)

19. Truist realleges and incorporates its answers to each of the above allegations as if fully set forth herein.

20. The allegations contained in Paragraph 20 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

21. The allegations contained in Paragraph 21 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

22. The allegations contained in Paragraph 22 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

23. The allegations contained in Paragraph 23 refer to a document which speaks for itself. Truist denies the allegations to the extent they are inconsistent with the document.

24. The allegations contained in Paragraph 24 refer to a document which speaks for itself. Truist denies the allegations to the extent they are inconsistent with the document.

25. The allegations contained in Paragraph 25 refer to a document which speaks for itself. Truist denies the allegations to the extent they are inconsistent with the document.

26. Truist is without sufficient information with which to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. Truist denies the allegations in Paragraph 27 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 as directed to the other defendant.

28. The allegations contained in Paragraph 28 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

29. Truist denies the allegations in Paragraph 29 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 as directed to the other defendant.

30. Truist denies the allegations in Paragraph 30 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 as directed to the other defendant.

31. Truist denies the allegations in Paragraph 31 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 as directed to the other defendant.

32. Truist denies the allegations in Paragraph 32 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 as directed to the other defendant.

33. Truist denies the allegations in Paragraph 33 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 as directed to the other defendant.

34. Truist denies the allegations in Paragraph 34 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 as directed to the other defendant.

35. The allegations contained in Paragraph 35 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF NEW YORK MVRISA
(N.Y.P.P.L. § 301 *et seq.*)

36. Truist realleges and incorporates its answer to each of the above allegations as if fully set forth herein.

37. The allegations contained in Paragraph 37 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

38. The allegations contained in Paragraph 38 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

39. The allegations contained in Paragraph 39 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

40. Truist denies the allegations in Paragraph 40 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 as directed to the other defendant.

41. Truist denies the allegations in Paragraph 41 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 as directed to the other defendant.

42. Truist denies the allegations in Paragraph 42 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 as directed to the other defendant.

43. Truist denies the allegations in Paragraph 43 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 as directed to the other defendant.

44. The allegations contained in Paragraph 44 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES
(N.Y. Gen. Bus. Law § 349(h))

45. Truist realleges and incorporates its answers to each of the above allegations as if fully set forth herein.

46. The allegations contained in Paragraph 46 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

47. The allegations contained in Paragraph 47 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

48. The allegations contained in Paragraph 48 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

49. The allegations in Paragraph 49 of the Complaint are not directed at Truist and therefore no response from Truist is required. To the extent a response is required, Truist denies

the allegations as directed to Truist, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed to the other defendant.

50.     The allegations in Paragraph 50 of the Complaint are not directed at Truist and therefore no response from Truist is required. To the extent a response is required, Truist denies the allegations as directed to Truist, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed to the other defendant.

51.     The allegations contained in Paragraph 51 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

52.     Truist denies the allegations in Paragraph 52 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 as directed to the other defendant.

53.     The allegations in Paragraph 53 of the Complaint are not directed at Truist and therefore no response from Truist is required. To the extent a response is required, Truist denies the allegations as directed to Truist, and lacks sufficient knowledge or information to form a belief as to the truth of the allegations directed to the other defendant.

54.     The allegations contained in Paragraph 54 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

**FOURTH CAUSE OF ACTION**
**FALSE ADVERTISING**
(N.Y. Gen. Bus. Law § 350)

55.     Truist realleges and incorporates its answers to each of the above allegations as if fully set forth herein.

56.     The allegations contained in Paragraph 56 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

57. Truist denies the allegations in Paragraph 57 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 as directed to the other defendant.

58. The allegations contained in Paragraph 58 contain conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

59. Truist denies the allegations in Paragraph 59 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 as directed to the other defendant.

60. Truist denies the allegations in Paragraph 60 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 as directed to the other defendant.

61. Truist denies the allegations in Paragraph 61 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 as directed to the other defendant.

### FIFTH CAUSE OF ACTION
### COMMON LAW FRAUD

62. Truist realleges and incorporates its answers to each of the above allegations as if fully set forth herein.

63. Truist denies the allegations in Paragraph 63 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 as directed to the other defendant.

64. Truist denies the allegations in Paragraph 64 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 as directed to the other defendant.

65. Truist denies the allegations in Paragraph 65 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 as directed to the other defendant.

66. Truist denies the allegations in Paragraph 66 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 as directed to the other defendant.

67. Truist denies the allegations in Paragraph 67 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 as directed to the other defendant.

68. Truist denies the allegations in Paragraph 43 of the Complaint as to it. Truist is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 as directed to the other defendant. Answering further, Truist denies that it is liable to Plaintiff in any manner, under any theory of liability whatsoever.

69. Truist denies the allegations in the "WHEREFORE" paragraph and subparagraphs (1)-(6) following Paragraph 68 of the Complaint. Answering further, Truist denies that it is liable to Plaintiff in any manner, under any theory of liability whatsoever.

70. Truist denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above. Truist reserves the right to rely upon any and all defenses which may become known through discovery or at trial. Truist reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## **AFFIRMATIVE AND OTHER DEFENSES**

Truist hereby sets forth the following affirmative defenses to the Complaint.  By asserting the defenses set forth below, Truist does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Truist admit that Plaintiff is relieved of her burden to prove each and every element of her claims and the damages, if any, to which they are entitled.

1. The Complaint fails to state a plausible claim for which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Truist reserves the right to file a Motion for Judgment on the Pleadings or other dispositive motion seeking dismissal of all Plaintiff's claims.

2. Truist denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

3. Plaintiff cannot recover from Truist to the extent that any damages that Plaintiff may have suffered, which Truist continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

4. Plaintiff cannot recover from Truist to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Truist continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Truist had no control, and for whose conduct Truist is not responsible, which bars or diminishes any recovery by Plaintiff against Truist.

5. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages.

7. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Truist states that while it does not believe Plaintiff has stated a claim for punitive damages, even if she proves an entitlement to any such punitive damage award, Truist is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

8. At all times relevant, Truist acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

9. Plaintiff's claims fail to the extent that they are preempted by federal law.

10. Truist cannot be held liable to Plaintiff pursuant to the FTC Holder Rule to the extent that the transaction was not a "financed sale" under 16 C.F.R. § 433.1(i).

11. Truist cannot be held liable to the extent that the vehicle at issue was of the same quality as those generally acceptable in the trade.

12. Truist cannot be held liable to Plaintiff under the FTC Holder Rule or otherwise to the extent that Plaintiff's claim(s) would not justify rescission and/or revocation of the underlying contract under New York law.

13. Plaintiff's causes of action are barred, in whole or in part, under the doctrines of waiver, laches, and/or estoppel.

14. Plaintiff's Complaint fails to the extent that it is barred by the applicable statute(s) of limitations.

15. Plaintiff's claims are barred in whole or in part by the statute of frauds.

16. Truist is entitled to set off from any recovery any amount owed by Plaintiff.

17.     The allegations in the Complaint relate to the terms of the contract and sale of the vehicle of which Truist was not a party and non-participant in the negotiations or agreement.

18.     Truist reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

Respectfully submitted,

**TRUIST BANK**

Dated: June 22, 2021
New York, New York

By: */s/ Stephen J. Steinlight*
Stephen J. Steinlight
TROUTMAN PEPPER
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6008
Facsimile: (212) 704-6288
Email: stephen.steinlight@troutman.com

*Counsel for Truist Bank*