UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DORIS OKE OBASOHAN,

                              Plaintiff,

                                        **Case No.:** 2:21-cv-1940 (ARR) (ST)

       -against-

SUNRISE AUTO OUTLET INC, TRUIST BANK        **ANSWER**
d/b/a BB&T, and 189 SUNRISE HWY AUTO LLC,

                              Defendants.
-----------------------------------------------------------------X

Defendant 189 Sunrise Hwy Auto LLC (hereinafter the "Dealership" or "Defendant"), by and through its attorneys, Milman Labuda Law Group PLLC, hereby submits this Answer to the First Amended Complaint (hereinafter the "Complaint") of Plaintiff Doris Oke Obasohan (hereinafter "Plaintiff") as follows:

## AS TO "NATURE OF THE ACTION"

1.     Defendant admits that Plaintiff makes certain allegations contained in ¶ 1 of the Complaint concerning the basis of her claims but denies that Plaintiff is entitled to any relief.

## AS TO "JURISDICTION AND VENUE"

2.     ¶ 2 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 2 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

3.     ¶ 3 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 3 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

4.      ¶ 4 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 4 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

5.      ¶ 5 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 5 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "PARTIES"

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Complaint.

## AS TO "FACTS"

**As to "The Vehicle Sale"**

10.      Defendant denies the truth of the allegations contained in ¶ 10 of the Complaint.

11.      Defendant admits the truth of the allegations contained in ¶ 11 of the Complaint but denies that "the agreed upon terms of the transaction" are anything other than what is written in the purchase order and/or bill of sale.

12.      Defendant denies the truth of the allegations contained in ¶ 12 of the Complaint.

13.      Defendant denies the truth of the allegations contained in ¶ 13 of the Complaint.

14.     Defendant denies the truth of the allegations contained in ¶ 14 of the Complaint.

15.     Defendant denies the truth of the allegations contained in ¶ 15 of the Complaint.

16.     ¶ 16 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 16 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

17.     Defendant denies the truth of the allegations contained in ¶ 17 of the Complaint.

18.     Defendant denies the truth of the allegations contained in ¶ 18 of the Complaint

## AS TO "FIRST CAUSE OF ACTION
### Violations of TILA"

19.     Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

20.     ¶ 20 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 20 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

21.     Defendant denies the truth of the allegations contained in ¶ 21 of the Complaint.

22.     ¶ 22 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 22 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

23.     Defendant denies the truth of the allegations contained in ¶ 23 of the Complaint.

24.     Defendant denies the truth of the allegations contained in ¶ 24 of the Complaint.

25.     Defendant denies the truth of the allegations contained in ¶ 25 of the Complaint.

26.     Defendant denies the truth of the allegations contained in ¶ 26 of the Complaint.

27.     Defendant denies the truth of the allegations contained in ¶ 27 of the Complaint.

28.     ¶ 28 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 28 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

29.     ¶ 29 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 29 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

30.     ¶ 30 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 30 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

31.     Defendant denies the truth of the allegations contained in ¶ 31 of the Complaint.

32.     Defendant denies the truth of the allegations contained in ¶ 32 of the Complaint.

33.     Defendant denies the truth of the allegations contained in ¶ 33 of the Complaint.

34.     ¶ 34 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 34 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

35.     Defendant denies the truth of the allegations contained in ¶ 35 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION
### Violations of New York MVRISA"

36.     Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

37.     ¶ 37 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 37 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

38.     ¶ 38 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 38 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

39.     Defendant admits that Plaintiff makes certain allegations contained in ¶ 39 of the Complaint concerning the basis of her claims but deny that Plaintiff is entitled to any relief.

40.     Defendant denies the truth of the allegations contained in ¶ 40 of the Complaint.

41.     Defendant denies the truth of the allegations contained in ¶ 41 of the Complaint.

42.     Defendant denies the truth of the allegations contained in ¶ 42 of the Complaint.

43.     Defendant denies the truth of the allegations contained in ¶ 43 of the Complaint, and specifically denies that there were any alleged violations that had to be corrected.

44.     Defendant denies the truth of the allegations contained in ¶ 44 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION
### Deceptive Trade Practices"

45.     Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

46.     ¶ 46 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 46 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

47.     ¶ 47 of the Complaint purports to set forth legal conclusions to which no response is required.  To the extent that ¶ 47 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

48.     Defendant denies the truth of the allegations contained in ¶ 48 of the Complaint.

49.     Defendant denies the truth of the allegations contained in ¶ 49 of the Complaint.

50.     Defendant denies the truth of the allegations contained in ¶ 50 of the Complaint.

51.     Defendant denies the truth of the allegations contained in ¶ 51 of the Complaint, and specifically denies that there were any alleged deceptive acts and/or practices.

52.     Defendant denies the truth of the allegations contained in ¶ 52 of the Complaint.

53.     Defendant denies the truth of the allegations contained in ¶ 53 of the Complaint.

54.     Defendant denies the truth of the allegations contained in ¶ 54 of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION
### False Advertising"

55.     Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

56.     Defendant admits that Plaintiff makes certain allegations contained in ¶ 56 of the Complaint concerning the basis of her claims but deny that Plaintiff is entitled to any relief.

57.     Defendant denies the truth of the allegations contained in ¶ 57 of the Complaint.

58.     Defendant denies the truth of the allegations contained in ¶ 58 of the Complaint.

59.     Defendant denies the truth of the allegations contained in ¶ 59 of the Complaint.

60.     Defendant denies the truth of the allegations contained in ¶ 60 of the Complaint.

61.     Defendant denies the truth of the allegations contained in ¶ 61 of the Complaint.

## AS TO "FIFTH CAUSE OF ACTION
### Common Law Fraud"

62.     Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

63.     Defendant denies the truth of the allegations contained in ¶ 63 of the Complaint.

64.     Defendant denies the truth of the allegations contained in ¶ 64 of the Complaint.

65.     Defendant denies the truth of the allegations contained in ¶ 65 of the Complaint.

66.     Defendant denies the truth of the allegations contained in ¶ 66 of the Complaint.

67.     Defendant denies the truth of the allegations contained in ¶ 67 of the Complaint.

68.     Defendant denies the truth of the allegations contained in ¶ 68 of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

69.     Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

70.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

71.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

72.     Defendants have met and satisfied any and all obligations to Plaintiffs and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

74.     The allegations of the Complaint are insufficient to entitle Plaintiffs to an award of attorneys' fees.

### SEVENTH AFFIRMATIVE DEFENSE

75.     The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendant of her claims.

### EIGHTH AFFIRMATIVE DEFENSE

76.     Plaintiff's claims are barred to the extent they petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States Bankruptcy Code, yet failed to disclose potential or actual claims against Defendant as required under applicable bankruptcy laws.

### NINTH AFFIRMATIVE DEFENSE

77.     Defendant denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by the Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

78.     Any alleged oral representations are null and void by operation of a merger clause within any agreement signed by Plaintiff concerning the purchase of her vehicle from the Dealership and Plaintiff's claims are therefore not actionable.

### ELEVENTH AFFIRMATIVE DEFENSE

79.     Plaintiff cannot recover from the Dealership to the extent that any damages that she may have suffered, which the Dealership nonetheless denies, directly and/or proximately resulted from Plaintiff's acts and/or omissions.

### TWELFTH AFFIRMATIVE DEFENSE

80.     The Dealership cannot be held liable to Plaintiff under the FTC Holder Rule or otherwise to the extent that Plaintiff's claim(s) would not justify rescission and/or revocation of the underlying contract under New York law.

## THIRTEENTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not suffered any actual damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, the Dealership states that while it does not believe Plaintiff has stated a claim for punitive damages, even if she proves an entitlement to any such punitive damage award, the Dealership is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

## FIFTEENTH AFFIRMATIVE DEFENSE

83. At all times relevant, the Dealership acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

84. Plaintiff's claims fail to the extent that they are preempted by federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

85. The Dealership cannot be held liable to Plaintiff pursuant to the FTC Holder Rule to the extent that the transaction was not a "financed sale" under 16 C.F.R. § 433.1(i).

## EIGHTEENTH AFFIRMATIVE DEFENSE

86. The Dealership cannot be held liable to the extent that the vehicle at issue was of the same quality as those generally acceptable in the trade.

## NINETEENTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred in whole or in part by the statute of frauds.

## TWENTIETH AFFIRMATIVE DEFENSE

88.     Plaintiff cannot recover from the Dealership to the extent that any damages that she may have suffered, which the Dealership nonetheless denies, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom the Dealership had no control, and for whose conduct the Dealership is not responsible, which bars or diminishes any recovery by Plaintiff against the Dealership.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

89.     The Dealership is entitled to set off from any recovery any amount owed by Plaintiff or otherwise recovered by Plaintiff for the same alleged injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

90.     Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

91.     Defendants have at all times acted in good faith compliance with applicable law. The actions of the Dealership, as alleged in the Plaintiff's complaint, were undertaken in good faith and justified by legitimate business purposes, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of law, which the Dealership denies, was not intentional and resulted, if at all, from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

92.     Plaintiff has failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure in that she has failed to allege fraud with particularity.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

86.     Defendants reserve the right pending completion of discovery to assert any

additional defenses that may exist.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

87.     The Dealership is registered as an automobile dealer pursuant to Article 16 of the

Vehicle and Traffic Law and per General Business Law § 736, an "automobile broker business"

does not include any person registered as an automobile dealer pursuant to Article 16 of the Vehicle

and Traffic Law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

88.     Defendants reserve the right to seek their reasonable attorneys' fees and costs in

the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of

harassing Defendants.

## DEFENDANT'S DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial

by jury on all questions of fact raised in this case.


**WHEREFORE,** Defendants demand judgment dismissing the Complaint together with

costs and disbursements of this action.

Dated: Lake Success, New York
        September 10, 2021

<strong>MILMAN LABUDA LAW GROUP PLLC</strong>

  _/s Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*189 Sunrise Hwy Auto LLC*

12