# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

November 24, 2021

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza
Courtroom 910
Central Islip, NY 11722

    *Re:*   **Obasohan v. Sunrise Auto Outlet Inc,** *et al.*
          **Case No.: 2:21-cv-1940 (ARR) (ST)**
          **MLLG File No.: 108-2021**

Dear Judge Tiscione:

This firm represents Defendant 189 Sunrise Hwy Auto LLC (the "Dealership") in the above-referenced case. The Dealership writes jointly with the remaining parties in this case to provide an explanation as to why the parties moved for an extension of time to schedule a mediation late.

On August 30, 2021, following an initial conference hearing before this court, this case was referred to the Court-Annexed Mediation Program pursuant to Local Civil Rule 83.8, with a mediator to be selected by September 13, 2021 and the mediation to be completed by November 19, 2021. See Docket Entry 23.

The parties were contacted by ADR Department of this Court on September 13, 2021 regarding the selection of a mediator. The following day, Plaintiff suggested Elayne Greenberg, Theo Cheng, and Paul Radvany. On September 17, 2021, the parties then agreed to select, of those three, the mediator who could conduct the mediation soonest and informed the ADR Department.

On September 27, 2021, Plaintiff contacted each of the aforementioned mediators concerning their availability. Mediator Greenberg responded on the same date to inform the parties she was not available until December 2021. Mediator Cheng also responded on the same date and offered availability on November 3, November 18, and December 6. Meanwhile, Mediator Radvany also responded on the same date and offered five (5) dates in October with various time restrictions. On the same date, the Dealership offered to confirm October 18, 2021 with Mediator Radvany. The remaining parties did not respond to confirm this date, with Plaintiff responding on September 29, 2021 that she was not available on October 18, 2021 and instead offering three (3) dates. As a result, on the following day, the Dealership informed Mediator Radvany that the dates offered by him do not work. In response, Mediator Radvany offered six (6) November dates on October 4, 2021, and Plaintiff followed up with the remaining parties regarding same on October 18, 2021.

The following day, the Dealership wrote to the remaining parties and stated:

> Counselors: We were required to select a mediator by September 13, 2021 and to have a mediation scheduled by November 19, 2021. Why don't we reach out to the two mediators with dates in November and choose a mutually agreeable date prior to 11/19?

Plaintiff responded on the same date to inquire as to what dates work for the Dealership and the Defendant Truist Bank d/b/a BB&T (hereinafter the "Bank"), and your undersigned responded the following day to inform the remaining parties that I was checking on available dates with my client. The parties then agreed to seek an extension of time to select a mediator and schedule the mediation. In fact, on November 3, 2021, Plaintiff submitted a draft letter motion, to which the Dealership consented to the following day. After the Bank consented on November 10, 2021, Plaintiff filed the letter motion seeking an extension of time on November 11, 2021.[1]

Based on the foregoing, Defendants respectfully submit that both good cause and excusable neglect exists warranting an extension of time pursuant to Rule 6 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(b)(1)(B). Specifically, the parties respectfully submit that they chose mediators on September 17, 2021 (albeit four (4) days late), and that they made a good faith effort to schedule a mediation with the mediators chosen as documented herein.

The parties respectfully submit that a brief extension of time to allow them to schedule a mediation in December is therefore warranted, and consistent with Rule 1 of the Federal Rules of Civil Procedure (hereinafter the "Rules"), which requires the parties and this Court to construe the Rules in a manner so as to secure the just, speedy, and inexpensive determination of every action and proceeding.

The parties thank this honorable Court for its time and attention to this case

---

[1] The Bank demanded indemnification and contribution from the Dealership on August 20, 2021. The Dealership did not formally respond to the foregoing demand until November 8, 2021. Ultimately, the Dealership rejected the demand for indemnification and contribution on November 8, and as such, the Bank filed a cross-claim action against the Dealership. It remains and will remain the position of the Bank that the Dealership bears all responsibility for any settlement payment and other consideration made to the Plaintiff. The Bank will not withdraw any cross-claims against the Dealership until Plaintiff's action is dismissed with prejudice and the Bank is made whole for it costs and expenses." The Dealership respectfully submits that the Bank's position on the merits has no bearing on whether good cause exists to extend the parties' time to engage in mediation, and reserves all rights should the parties be unable to resolve this case at mediation.

y

z

Dated: Lake Success, New York
November 24, 2021

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**

_____/s_____
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

cc: all counsel of record (via ECF).