UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DORIS OKE OBASOHAN,

         Plaintiff,

 -against-

SUNRISE AUTO OUTLET INC, TRUIST BANK
d/b/a BB&T, and 189 SUNRISE HWY AUTO LLC,

         Defendants.
-----------------------------------------------------------------X

**Case No.:** 2:21-cv-1940 (ARR) (ST)

**ANSWER TO DEFENDANT TRUIST BANK d/b/a BB&T'S CROSS-COMPLAINT**

  Defendant 189 Sunrise Hwy Auto LLC (hereinafter the "Dealership" or "Defendant"), by and through its attorneys, Milman Labuda Law Group PLLC, hereby submits this Answer to the Cross-Complaint (hereinafter the "Complaint") of Truist Bank d/b/a BB&T (hereinafter the "Bank") as follows:

## AS TO "NATURE OF THE ACTION"

  1. Defendant admits that the Bank makes certain allegations contained in ¶ 1 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

## AS TO "JURISDICTION AND VENUE"

  2. ¶ 2 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 2 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

  3. ¶ 3 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 3 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "PARTIES"

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the Complaint.

5. Defendant admits the truth of the allegations contained in ¶ 5 of the Complaint.

## AS TO "FACTS"

6. Defendant denies the truth of the allegations contained in ¶ 6 of the Complaint.

7. Defendant admits that the Bank makes certain allegations contained in ¶ 7 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

8. Defendant admits that the Bank makes certain allegations contained in ¶ 8 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

9. Defendant denies the truth of the allegations contained in ¶ 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the Complaint, except to the extent that Docket Entry 1 of this case appears to indicate that Plaintiff filed a complaint against Sunrise Auto Outlet, Inc. and the Bank on April 11, 2021.

11. Defendant denies the truth of the allegations contained in ¶ 11 of the Complaint, except admits that Plaintiff filed an amended complaint naming Defendant as an additional defendant in this case.

12. Defendant admits the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendant admits that the Bank makes certain allegations contained in ¶ 13 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

14. Defendant admits that the Bank makes certain allegations contained in ¶ 14 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

15. Defendant admits that the Bank makes certain allegations contained in ¶ 15 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

16. Defendant denies the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendant admits that the Bank makes certain allegations contained in ¶ 17 of the Complaint concerning the basis of its claims but denies that the Bank is entitled to any relief.

18. Defendant denies the truth of the allegations contained in ¶ 18 of the Complaint, except admits that the Bank exchanged correspondence with the Defendant concerning the Bank's demands for indemnification.

## AS TO "COUNT ONE
## Breach of Contract"

19. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

20. Defendant denies the truth of the allegations contained in ¶ 20 of the Complaint.

21. Defendant denies the truth of the allegations contained in ¶ 21 of the Complaint.

22. Defendant denies the truth of the allegations contained in ¶ 22 of the Complaint, except admits that the Bank exchanged correspondence with the Defendant concerning the Bank's demands for indemnification.

23. Defendant denies the truth of the allegations contained in ¶ 23 of the Complaint.

24. Defendant denies the truth of the allegations contained in ¶ 24 of the Complaint.

25. Defendant denies the truth of the allegations contained in ¶ 25 of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

26. The Bank's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

27. The Bank's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

28. The Bank's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

29. Defendant has met and satisfied any and all obligations to the Bank and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

30. The Bank's claims for damages are barred, in whole or in part, by its failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

31. The allegations of the Complaint are insufficient to entitle the Bank to an award of attorneys' fees.

## SEVENTH AFFIRMATIVE DEFENSE

32. The causes of action herein have been waived and/or are barred by reason of the Bank's failure to give proper and timely notice to the Defendant of its claims.

## EIGHTH AFFIRMATIVE DEFENSE

33. The Bank's claims are barred to the extent it petitioned for bankruptcy either under Chapter 7 or Chapter 13 of the United States Bankruptcy Code yet failed to disclose potential or actual claims against Defendant as required under applicable bankruptcy laws.

### NINTH AFFIRMATIVE DEFENSE

34. Defendant denies that the Bank sustained any damages and denies that it proximately caused any of the damages claimed by the Plaintiff or the Bank.

### TENTH AFFIRMATIVE DEFENSE

35. Any alleged oral representations are null and void by operation of a merger clause within any agreement signed by Plaintiff concerning the purchase of her vehicle from the Dealership and the Bank's claims are therefore not actionable.

### ELEVENTH AFFIRMATIVE DEFENSE

36. The Bank cannot recover from the Dealership to the extent that any damages that it may have suffered, which the Dealership nonetheless denies, directly and/or proximately resulted from the Bank's acts and/or omissions.

### TWELFTH AFFIRMATIVE DEFENSE

37. The Dealership cannot be held liable under the FTC Holder Rule or otherwise to the extent that the Bank's claim(s) would not justify rescission and/or revocation of the underlying contract under New York law.

### THIRTEENTH AFFIRMATIVE DEFENSE

38. The Bank's claims are barred, in whole or in part, to the extent that it has not suffered any actual damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

39. This honorable Court lacks subject matter jurisdiction over the Bank's claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

40. At all times relevant, the Dealership acted reasonably and in good faith and without any malice or intent to injure the Bank or to violate applicable federal and/or state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

41. The Bank's claims fail to the extent that they are preempted by federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

42. The Dealership cannot be held liable to the Bank pursuant to the FTC Holder Rule to the extent that the transaction was not a "financed sale" under 16 C.F.R. § 433.1(i).

### EIGHTEENTH AFFIRMATIVE DEFENSE

86. The Bank lacks standing to pursue the cross-complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

87. The Bank fails to establish that it is a successor to the January 19, 2018 agreement between non-party Branch Banking and Trust Company and the Dealership.

### TWENTIETH AFFIRMATIVE DEFENSE

88. The Bank cannot recover from the Dealership to the extent that any damages that she may have suffered, which the Dealership nonetheless denies, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom the Dealership had no control, and for whose conduct the Dealership is not responsible, which bars or diminishes any recovery by the Bank against the Dealership.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

89. The Dealership is entitled to set off from any recovery any amount owed by the Bank or otherwise recovered by the Bank for the same alleged injuries.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

90. The Bank is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages, or attorneys' fees.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

91. Defendant has at all times acted in good faith compliance with applicable law. The actions of the Dealership, as alleged in the Bank's complaint, were undertaken in good faith and justified by legitimate business purposes, with the absence of injury to the Bank, and constituted lawful, proper, and justified activities. Additionally, any violation of law, which the Dealership denies, was not intentional and resulted, if at all, from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

92. The Dealership is entitled to set off from any payment made to the Plaintiff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

86. Defendant reserves the right pending completion of discovery to assert any additional defenses that may exist.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

87. The Dealership is registered as an automobile dealer pursuant to Article 16 of the Vehicle and Traffic Law and per General Business Law § 736, an "automobile broker business" does not include any person registered as an automobile dealer pursuant to Article 16 of the Vehicle and Traffic Law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

88. The allegations in Plaintiff's complaint, if true, would not constitute a breach of any representation or warranty contained in the agreement the Bank seeks to enforce against the Dealership.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

89. The Bank failed to establish the existence of a valid agreement.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

90. The Bank's purported contract is unenforceable as a matter of law.

### THIRTIETH AFFIRMATIVE DEFENSE

91. There is no privity between the Bank and the Dealership.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

92. The attorneys' fees sought by the Bank are unreasonable.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

93. Defendant reserves the right to seek their reasonable attorneys' fees and costs in the event the Court deems the Bank's cross-claim was brought in bad faith and for the purpose of harassing Defendant.

### DEFENDANT'S DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all questions of fact raised in this case.

**WHEREFORE,** Defendant demands judgment dismissing the Cross-Complaint together with costs and disbursements of this action.

Dated: Lake Success, New York
January 12, 2022

**MILMAN LABUDA LAW GROUP PLLC**

*/s Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*
*189 Sunrise Hwy Auto LLC*