# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

February 7, 2022

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Steven L. Tiscione, U.S.M.J.
100 Federal Plaza
Courtroom 910
Central Islip, NY 11722

      *Re:*    **Obasohan v. Sunrise Auto Outlet Inc,** *et al.*
              **Case No.: 2:21-cv-1940 (ARR) (ST)**
              <u>**MLLG File No.: 108-2021**</u>

Dear Judge Tiscione:

      This firm represents Defendant 189 Sunrise Hwy Auto LLC (the "Dealership") in the above-referenced case. The Dealership writes to respectfully request an Order requiring Defendant Truist Bank d/b/a BB&T (hereinafter the "Bank") to appear for a second day of mediation with a representative with authority to settle the matter and bind the Bank pursuant to Local Civil Rule 83.8(c)(2) of the Local Rules of the United States District Courts for the Sothern and Eastern Districts of New York (hereinafter referred to as the "Local Rules," "Local Rule," or "LCR") and Rule 16 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

      This case was commenced on April 11, 2021 by Plaintiff Doris Oke Obasohan (hereinafter the "Plaintiff") alleging a cause of action under the Truth in Lending Act ("TILA") and related state law claims. Plaintiff alleges that she was required by a sales representative of the Dealership to obtain a service contract for $3,500.00 as a prerequisite to obtain financing for a vehicle she purchased from the Dealership in violation of TILA. Plaintiff has been presented with a copy of the service contract she signed stating, in no uncertain terms directly above her signature, that she is *not* required to purchase a service contract in order to obtain financing.

      The Bank filed a cross-complaint against the Dealership for its alleged failure to indemnify the Bank pursuant to an agreement it has with its alleged predecessor in interest. That agreement provides, as relevant here and by its express terms, "if any person makes a claim against BB&T alleging facts which, if true, would be a breach of any representation or warranty contained in this Agreement or in the Assignment." Setting aside the fact that the Bank has not demonstrated that it is actually a successor in interest, based on the very terms of the agreement, the Dealership asserts that even if Plaintiff's allegations are true, there was no breach of any representation or warranty contained in the agreement.

On January 12, 2022, the parties in this case participated in a virtual mediation before Mediator Eric Holtzman (hereinafter the "Mediator") following extensive efforts by the parties to schedule same. See, e.g., Docket Entries 28-29. Although the Plaintiff and the Dealership appeared at the mediation with parties who have authority to settle the matter and bind the Plaintiff and the Dealership, the Bank failed to do so, and only advised – as far as the Dealership is aware, based on a review of correspondence between counsel for the parties – that the Bank will *not* appear with a party who has authority to settle the matter and bind the Bank on the day of the mediation. The Plaintiff and the Dealership concededly did not object to the Bank's failure to appear with a party at the January 12, 2022 mediation; however, at that time, the parties were focused on resolving the claims made by the Plaintiff.

The Plaintiff and the Dealership reached a settlement in principle at the January 12, 2022 mediation, *contingent upon* resolving the Bank's cross-complaint against the Dealership. The parties are currently at an impasse and the Mediator has requested – *several times* – that counsel *and principals* for the Dealership *and the Bank* appear at a continued mediation. The Bank has been mostly unresponsive for nearly a month to the Mediator's requests to schedule a continued mediation session and only recently provided certain requested documentation to aid the parties in reaching a full and final settlement between all the parties.

Upon confirming that the Dealership is available, together with its principal, for a continued virtual mediation session on Wednesday, February 9, 2022, and upon seeking confirmation that the Bank will appear with a principal as requested by the Mediator several times, the Bank <u>refused</u> to so appear, despite the fact the Mediator thereafter stated that proceeding without a representative of the Bank would be a waste of time. Indeed, given that this case is settled in principle as to Plaintiff's claims, it is crucial that a representative from the Bank appear at a continued virtual mediation session with full and binding settlement authority. The Dealership thus seeks an Order to that effect and relies on the below authority in submitting that this Court should issue such an Order.

LCR 83.8(c)(2) provides, in pertinent part, that: "the Court may require, *and if it does not, the mediator may require the* attendance at the mediation session of *a party or its representative in the case of a business* … with authority to settle the matter and to bind the party. This requirement reflects the Court's view that the principal values of mediation include affording litigants with an opportunity to articulate their positions and interests directly to the other parties and to a mediator and to hear, first hand, the other party's version of the matters in dispute. Mediation also enables parties to search directly with the other party for mutually agreeable solutions." Moreover, Rule 16 authorizes a federal court to "order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as ... expediting disposition of the action [or] facilitating settlement." See Fed. R. Civ. P. 16(a)(1), (a)(5). Mandatory attendance at such conferences is not, however, limited to attorneys and *pro se* litigants, as the Rule further provides that, where appropriate, "the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." See Chen v. Marvel Food Servs., LLC, No. 15-CIV.-6206 (JMA) (AYS), 2016 WL 6872626, at *2 (E.D.N.Y. Nov. 21, 2016) (citing Fed. R. Civ. P. 16(c)(1); see also 28 U.S.C. § 473(b)(5) (discussing mandatory appearance of representative with binding authority at settlement conferences)).

Here, the mediator has stated numerous times that a representative of the Bank attend a continued virtual mediation. As such, pursuant to the Local Rules, an appearance at the mediation by a party representative is mandatory, even – respectfully – if this Court does not so order same as requested here (which it should not).

Separately, this Court has the completely independent authority under Rule 16 to require the Bank to appear with full settlement authority at the continued virtual mediation. In support, the Dealership respectfully submits that while the parties were focused on settlement Plaintiff's underlying claims at the initial virtual mediation session, and *have so settled those claims in principle*, the parties cannot reach a full agreement to settle this case because the Bank has not agreed to settle its cross-complaint with the Dealership. Accordingly, while both the Dealership and the Plaintiff had previously consented to the Bank's failure to appear with a representative at the initial virtual mediation session, the Dealership respectfully submits that the Bank must now appear by a representative at a continued virtual mediation session to fully and finally resolve this case.

Finally, the Dealership also respectfully submits that Rule 1 requires that the Rules should be construed, administered, *and employed by the court* and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). The Rules should be construed to permit the relief sought herein because, absent a complete and final settlement, the Dealership will move for judgment on the pleadings pursuant to Rule 12(c) to dismiss this case given that Plaintiff acknowledged in writing that she need not obtain a service contract to obtain financing and there has thus been absolutely no breach of any representation or warranty under the Dealership's agreement with the Bank's purported predecessor triggering any duty of indemnification. This would result in great expense, an inordinate amount of delay, a burden on this Court, and it would thus be unjust to deny the relief sought. Accordingly, this Court should Order the Bank to appear with counsel and a representative with full settlement authority to bind the Bank at a continued virtual mediation session.

The Dealership thanks this honorable Court for its time and attention to this case.

Dated: Lake Success, New York
February 7, 2022

Respectfully submitted,

**MILMAN LABUDA LAW GROUP PLLC**
  /s
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

cc: all counsel of record (via ECF).